STATE OF NORTH CAROLINA v. THOMAS JUNIOR SHIELDS

No. 8320SC999

(Filed 5 June 1984)

**Criminal Law § 86.3— cross-examination of defendant—false implication relating to convictions—error cured by instructions**

While it was improper for the prosecutor falsely to imply during the cross-examination of defendant that he had in his hand documents which showed that defendant had been convicted of certain assaults after defendant had stated that he did not remember such convictions, the prejudicial effect of such impropriety was cured when the trial court instructed the jury that it was not to consider any questions or remarks concerning assaults involving defendant, especially where defense counsel failed to request a mistrial or additional instructions.

APPEAL by defendant from *Seay, Judge.* Judgment entered 21 April 1983 in Superior Court, MOORE County. Heard in the Court of Appeals 14 March 1984.

Defendant was convicted of involuntary manslaughter for shooting and killing Leroy Smith during a nightclub parking lot fight. Perhaps because it happened about 2 o'clock in the morning, just after the club closed for the night, none of the several witnesses that allegedly saw the incident develop were able to clearly describe the circumstances that gave rise to the fight and shooting, and the different details involved were but little agreed to. One view expressed, however, was that a fist fight that defendant started developed as it did because he pulled a gun and shot the decedent several times; another view was that the decedent instigated a scuffle, during the course of which a pistol, that defendant was using as a club in defense of himself, "went off" two or three times.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Van Camp, Gill & Crumpler, by James R. Van Camp, for defendant appellant.*

PHILLIPS, Judge.

Defendant's sole assignment of error is based on the District Attorney's cross-examination of him while he was a witness for himself, as follows:

Q. Mr. Shields, what have you been tried and convicted of?

A. I been convicted for breaking and entering in '77.

Q. What else?

A. That's all I can remember so far.

Q. I'll ask you if you weren't convicted of assault and battery in 1979 on the 17th day of May?

A. I can't remember.

Q. I'll ask you if you weren't convicted of two counts of assault with a deadly weapon on the 27th day of July, 1979?

A. You asked me was I convicted of that?

Q. Yes, sir.

A. I can't remember.

Q. Well, Mr. Shields, if I showed you the court proceedings to show that would it help refresh your recollection?

MR. VAN CAMP: Objection.

COURT: Overruled.

Q. Would it if I showed you where you were convicted on a court proceeding—would it help you refresh your memory?

MR. VAN CAMP: The question assumes something not in evidence, if Your Honor please.

COURT: Overruled.

Q. Would it or wouldn't it?

A. You say if you bring me the papers showing me.

Q. Uh-huh.

A. Yeah, it would probably help me remember.

Q. All right. Do you remember a Mr. Johnny Belk, Mr. Carl Akins?

A. Repeat that again—Johnny Belk.

Q. Yes, sir. Do you remember a Mr. Johnny Belk or a Mr. Carl Akins?

At that point Judge Seay interrupted the proceedings, sent the jury out, and examined the District Attorney's documents. Discovering that the documents contained no indication that defendant had been convicted of the charges referred to, the judge informed counsel that he was going to instruct the jury to disregard all of the questions regarding prior convictions and further stated to defendant's attorney: "If my instructions are not sufficient I will be glad to hear from you as to what would be sufficient." When the jury returned, the judge gave the following instruction:

Members of the jury, the Court is going to instruct you to disregard, put from your mind, strike from your recollection of the evidence in this case, any questions, any illusions [sic], any indications that the District Attorney made concerning certain assault offenses involving this defendant. That is not proper. You are not to consider it. You are to disabuse your mind of it and not consider it in any way or any fashion.
. . .

Though no motion for mistrial or request for further instructions was made, defendant now contends that the District Attorney's suggestive use of court documents in the cross-examination should have been stopped earlier and its prejudicial effect was not eliminated by the judge's instruction.

Under our law a defendant charged with crime who takes the stand may be cross-examined, for purposes of impeachment, not only about prior criminal convictions, but also about specific misconduct *not resulting in either indictment or conviction.* 1 Brandis N.C. Evidence § 111 (1982). But it is grossly unfair and overreaching for a District Attorney during cross-examination to suggest or imply to a jury that he has documents in his hand which show that a defendant was convicted of something when that is not so, as happened here. After discovering that the District Attorney had exceeded the bounds of authorized cross-examination, Judge Seay, in a commendably emphatic way, told the jury that all the questions and answers objected to were improper and instructed them to disregard them. The efficacy of the judge's corrective measures must be evaluated in light of his remark to counsel that if the instructions were deemed insufficient he would be glad to hear further from him. As we view the record, this was an invitation to move for a mistrial if counsel was so disposed. Since no mistrial or other instructions were requested by defendant's able counsel, we can only conclude that, at the time, he regarded the measures taken as sufficient to erase the prejudice that no doubt had occurred. With more time to deliberate about it than counsel had, we nevertheless conclude that he was probably right. Since the instruction given was so broad and emphatic, and there being no evidence to the contrary, we must presume that the jury followed it and that the improper cross-examination was not a prejudicial factor in defendant's conviction.

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.